**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| TYRRELL JONES EILAND,<br><br>              Plaintiff,<br><br>vs.<br><br>JASON R. FOHS, *et al.*,<br><br>              Defendants. | Case No. 2:20-cv-02011-JCM-VCF<br><br>**ORDER**<br><br>APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1); COMPLAINT (ECF NO. 1-1) |

Before the Court are pro se plaintiff Tyrrell Jones Eiland's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Jones Eiland's (1) in forma pauperis application is granted; (2) his complaint is dismissed without prejudice with leave to amend.

## DISCUSSION

Jones Eiland's filings present two questions: (1) whether Jones Eiland may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether Jones Eiland's complaint states a plausible claim for relief.

**I.     Whether Jones Eiland May Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF

No. 1). Plaintiff's affidavit states that he has no wages due to COVID-19 and that he has about $97.50 in savings. (*Id.*) Plaintiff's application to proceed in forma pauperis is granted.

## II.     Whether Jones Eiland's Complaint States a Plausible Claim

### a.  Legal Standard

Because the Court grants Jones Eiland's application to proceed *in forma pauperis*, it must review Jones Eiland's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim.  28 U.S.C. § 1915(e)(2)(B).  Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief."  The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress.  *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016).

The general bases for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332. "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *W. States Wholesale Nat. Gas Antitrust Litig. v. Coral Energy Res., L.P.*, 346 F. Supp. 2d 1143, 1144 (D. Nev. 2004).

### b. Plaintiff's Complaint

Jones Eiland brings claims against Jason Fohs, a paramedic/firefighter; Senior Deputy Fire Chief Jeff Buchanan of Las Vegas Fire & Rescue; and the City of Las Vegas Fire & Rescue Department related to an incident on October 15, 2019: Jones Eiland's allegations are difficult to follow, but construing the complaint liberally he appears to allege that Fohs refused to transport him to the hospital because of his "race and ethnic background" so he had to take the bus to the hospital and was admitted for treatment for a week. (ECF No. 1-1 at 5). Jones Eiland also appears to allege that Buchanan and the City of Las Vegas believed Fohs's "lies" about the incident. (*Id.*)

Plaintiff alleges that this Court has diversity jurisdiction over this matter. He seeks more than $75,000 in damages and he alleges that he is a citizen of the State of Florida.[1] (ECF No. 1-1 at 3). He alleges that defendants are all citizens of the State of Nevada. Although it is unclear how plaintiff has more than $75,000 in damages based on what plaintiff alleged, construing the complaint liberally,

---

[1] The Court notes that Jones Eiland recently filed two other cases with attached in forma pauperis applications before this Court. See *Jones v. Wright* et al 2:20-cv-01878-APG-VCF and *Eiland v. Moore et al* 2:20-cv-01978-JAD-BNW. *Eiland v. Moore* is pending review. In *Jones v. Wright*, this Court also granted Jones Eiland's in forma pauperis application but dismissed his complaint without prejudice because he alleged he was a citizen of the State of Nevada and he failed to allege diversity jurisdiction. Jones Eiland filed this case a few weeks later using a different surname (Jones Eiland instead of Jones) and now alleges he is a citizen of the State of Florida. The Court notes these obvious inconsistencies in plaintiff's pleadings to remind the plaintiff that he is subject to Federal Rule of Civil Procedure Rule 11, and that by signing these pleadings he is certifying that his representations to the court are not being presented for any improper purpose.

plaintiff has alleged diversity jurisdiction as required by 28 USCS §§ 1132.

It also appears that this Court might have federal question jurisdiction given that plaintiff alleges that the defendants discriminated against him based on his race or ethnic background. Construing plaintiff's claims liberally, plaintiff appears to have alleged a violation of his constitutional rights. Plaintiff does not, however, specifically bring an action under 42 U.S.C.S. Section 1983, which creates a cause of action against a person who, acting under the color of state law, deprives a person of their constitutional rights. The section "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, the plaintiff must allege "(1) the action occurred under color of state law and (2) the action resulted in the deprivation of a constitutional right or federal statutory right." *Id.* (quotation omitted).

Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Instead, a municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*,

901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The plaintiff has not alleged any facts that the City of Las Vegas Fire & Rescue or Buchanan have a policy or custom that is the moving force behind the alleged constitutional violations, so the Court must dismiss these defendants. Plaintiff appears to have alleged some facts that suggest that Fohs might be responsible for violating his civil rights, but he has not plausibly alleged that Fohs acted under color of law; or that Fohs is the cause in fact and the proximate cause of the constitutional deprivation pursuant to Section 1983. The Court will give plaintiff an opportunity to amend his complaint. The Court dismisses plaintiff's complaint without prejudice.

ACCORDINGLY,

IT IS ORDERED that Jones Eiland's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the Complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Jones Eiland's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Jones Eiland has until Monday, January 4, 2021 to file an amended complaint addressing the issues discussed above.  Failure to timely file an amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed NOT to issue summons on the amended complaint.  The Court will issue a screening order on

the amended complaint and address the issuance of summons at that time, if applicable. See 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 4th day of December 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

6